UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TONI MCKINNEY**                                                                **CIVIL ACTION**

**VERSUS**                                                                         **NO. 23-6538**

**RACHEL JACKSON ET AL.**                                   **SECTION: "B"(1)**

### ORDER & REASONS

Before the Court are plaintiff Toni McKinney's motion to remand (Rec. Doc. 4) and defendants Rachel Jackson and Acadia Insurance Company's opposition (Rec. Doc. 7). For the following reasons,

**IT IS ORDERED** that plaintiff's motion to remand is **DENIED.**

**I.**     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Following an automobile accident in St. Tammany Parish, Louisiana, Ms. McKinney sued the driver of the other car ("Ms. Jackson"), the driver's employer and purported car owner ("the Foundation"), Ms. Jackson and the Foundation's insurer ("Acadia"), and plaintiff's own insurer ("Allstate"). Rec. Doc. 1-1 at 5–6, 8. Specifically, plaintiff alleges Ms. Jackson caused the vehicular collision by running a stop sign. *See id.* at 6 ¶6. Ms. McKinney generally alleges she "was hurt as a result of the collision," requesting seven damage types:

    (a) Physical pain and suffering (past, present and future);

    (b) Mental anguish;

    (c) Loss of enjoyment of life (past, present and future);

    (d) Medical Expenses (past, present and future);

    (e) Lost wages/earning (past and future); and [sic]

    (f) Property damage; and

1

> (g) Other elements of damages developed during discovery and/or demonstrated with particularity at the trial of this matter.

*Id.* at 6 ¶12, 7–8 ¶15. She further notes that her damages "are likely to exceed the amount required for trial by jury." *Id.* 8 ¶18. Finally, Ms. McKinney "prays for a trial by jury and for all other general or equitable relief deemed fit." *Id.* at 8 ¶19.

The tort action was timely filed in Louisiana state court. *See id.* at 5. Asserting 28 U.S.C. § 1332 diversity jurisdiction, Ms. Jackson removed the suit to federal court. Rec. Doc. 1 at 1. As to the citizenship of defendants in an action filed by a Louisiana citizen, Ms. Jackson asserts that complete diversity exists, as she and the Foundation are Mississippi citizens, Acadia an Iowa citizen, and Allstate an Illinois citizen. *Id.* at 2–3. As to the requisite amount in controversy, Ms. Jackson states that Ms. McKinney refused to stipulate to an amount under $75,000.00. *Id.* at 3. "Accordingly," Ms. Jackson contends, "Petitioner shows to a degree of legal certainty that the amount in controversy for the claims of the plaintiff exceeds the jurisdictional minimum of $75,000.00 of this Court for the purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332." *Id*. Disputing the satisfaction of the amount in controversy, Ms. McKinney timely filed this motion to remand.

## II.  LAW AND ANALYSIS

### A.  Removal Jurisdiction Standard

Federal courts are courts of limited jurisdiction. *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). Removal of a civil action to federal court is governed by 28 U.S.C. § 1441 and is proper where the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). "Original jurisdiction, in non-maritime claims, lies where the conditions of 28 U.S.C. §§ 1331 [federal question] or 1332 [diversity] are satisfied." *Halmekangas*, 603 F.3d at 292 (alteration in original) (internal quotations and citation omitted). Federal diversity jurisdiction under 28

U.S.C. § 1332 exists where there is complete diversity of citizenship of the parties, and where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). Motions to remand are governed by 28 U.S.C. § 1447(c), which provides that: "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

"To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal." *Id.* (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). However, Louisiana law prohibits plaintiffs from pleading a specific amount of monetary damages. *See* La. Code Civ. Proc. art. 893(A)(1). Nonetheless, in order to maintain solely state jurisdiction, Louisiana plaintiffs are required to generally allege a damage amount below the federal threshold. *Id.* ("[I]f a specific amount of damages is necessary to establish the jurisdiction of the court [or] the lack of jurisdiction of federal courts due to insufficiency of damages, ... a general allegation that the claim exceeds or is less than the requisite amount is required."). Where statements in a petition allude to damages less than $75,000.01, they are not dispositive as to the amount in controversy. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995). Instead, courts understand pleadings in compliance with Article 893 as stating an indeterminate amount of damages. *See, e.g., Maze v. Protective Ins. Co.*, No. 16-15424, 2017 WL 164420, at *2 (E.D. La. Jan. 17, 2017).

Where an indeterminate amount of damages is alleged, the removing party "must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *See*

*Manguno*, 276 F.3d at 723 (citation omitted). This can be established if it is facially apparent that the amount of damages is likely to exceed the jurisdictional amount of $75,000.00, or by "summary judgment type evidence" of the facts in controversy that support a finding of exceeding the jurisdictional amount. *See id.* (citations omitted). In determining the amount, a court does not prejudge the plaintiff's likely recovery but merely makes "an estimate of the amount that will be put at issue in the course of the litigation." *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1057 (5th Cir. 2022) (citation omitted).

### B. Motion to Remand

Whether a federal court has diversity jurisdiction over a matter regularly presents a clear question with an obscured answer: is it more likely than not that, at the time of filing, the amount in controversy exceeds $75,000.00? In this Louisiana personal injury suit, Ms. McKinney properly includes an indeterminate amount of damages in her state-court petition. Thus, in accordance with Fifth Circuit precedent, Ms. Jackson and Acadia (collectively "removing defendants") must prove by preponderance of the evidence that the federal jurisdictional amount is present. As previously noted, they do so through two means: (1) from the allegations and demands in the state-court petition itself or (2) through the submission of summary judgment-type evidence. *See Manguno*, 276 F.3d at 723.

Ms. McKinney's petition alleges injuries from the car accident are described in one, non-specific paragraph: "Toni McKinney was hurt as a result of the collision." Rec. Doc. 1-1 at 6 ¶12. Her requested damage types similarly present a general personal injury picture:

(a) Physical pain and suffering (past, present and future);

4

    (b) Mental anguish;

    (c) Loss of enjoyment of life (past, present and future);

    (d) Medical Expenses (past, present and future);

    (e) Lost wages/earning (past and future); and [sic]

    (f) Property damage; and

    (g) Other elements of damages developed during discovery and/or demonstrated with particularity at the trial of this matter.

*Id.* at 7–8 ¶15. In opposition to the motion to remand, removing defendants note that the "several categories of damages" in the petition make it more likely than not that the amount in controversy for federal jurisdiction is met. Rec. Doc. 7 at 2. However, theew is no caselaw to substantiate the contention that a general listing of damages establishes per se the jurisdictional threshold.

    Instead, removing defendants focus on what is absent in the petition: a stipulation of recovery below $75,000.01. Ms. McKinney alleges that her damages "are likely to exceed the amount required for trial by jury." *Id.* 8 ¶18. Thus, Ms. McKinney acknowledges an amount in controversy of at least $10,000 to assert the right to jury trial un Louisiana law. *See* La. Code Civ. Proc. art. 1732. However, her petition fails to address the Louisiana Code of Civil Procedure requirement that a general allegation be made that the action "lack[s] of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. Proc. art. 893(A)(1). This pleading error is a factor for consideration for the amount in controversy, but "is not determinative of this Court's subject matter jurisdiction." *Env't Equip., Inc. v. N. Ins. Co. of Am.*, No. 11-2072, 2012 WL 2279736, at *2 (E.D. La. June 15, 2012). Removing defendants, nevertheless, key in on the absence of any stipulation, stressing in the notice of removal and their opposition to the current motion that Ms. McKinney has refused to stipulate. Rec. Doc. 1 at 3 ("Undersigned made a request for stipulation regarding whether the amount in controversy is more than or equal to the

5

$75,000.00 diversity amount threshold. Counsel for the plaintiff has denied to so stipulate."); Rec. Doc. 7 at 2 ("Counsel for the plaintiff refused to so stipulate.").

According to removing defendants, this stipulation refusal facially establishes the amount in controversy: "Such a refusal [to stipulate] should be sufficient to establish that the plaintiff seeks an amount in damages equal or in excess of $75,000.00." Rec. Doc. 7 at 2 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)). The Fifth Circuit in *De Aguilar* makes a plaintiff's stipulation for avoidance of federal jurisdiction necessary once the defendant establishes the amount in controversy is more likely than not in contest: "[W]e hold that if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint." *Id.* at 1411; *see also id* at 1412 ("Once the removing party has proven the amount in controversy is likely to exceed the diversity threshold, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."). Therefore, Ms. McKinney's refusal to stipulate can be considered in an evaluation of the actual amount in controversy along with other factors to carry removing defendants' burden.

Removing defendants include summary judgment-type evidence to substantiate their jurisdictional claim, namely, the accident's "Louisiana Uniform Crash Report." *See* Rec. Doc. 7-1. Unchallenged by Ms. McKinney, the report "indicates that the injuries were of some seriousness." Rec. Doc. 7 at 2. We find the attached report itself provides greater detail of the incident and its aftermath: "The driver of vehicle two was very disoriented on scene and was unable to provide a statement as to how the crash occurred . . . . Driver two was transported to the

Slidell Memorial Hospital for treatment, via Acadian Ambulance Service." Rec. Doc. 7-1 at 14. Ms. McKinney's vehicle, a 2021 Chevrolet Equinox, was also towed from the scene due to "disabling damage." *Id.* at 8. These descriptions reveal a car accident allegedly with serious bodily and property damage, providing detail to Ms. McKinney's evasive petition. Coupled with Ms. McKinney's failure to generally plead below the jurisdictional amount and her refusal to so stipulate, we conclude it is more likely than not that the amount in controversy exceeds $75,000.00.

New Orleans, Louisiana, this 5th day of January, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE