UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TONI MCKINNEY | * | CIVIL ACTION NO. 23-6538 |
| | * | |
| VERSUS | * | SECTION: "B"(1) |
| | * | |
| RACHEL JACKSON, UNIVERSITY OF SOUTHERN MISSISSIPPI FOUNDATION, ACADIA INSURANCE COMPANY, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY | * | JUDGE IVAN L. R. LEMELLE |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| | * | |
| | * | |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is plaintiff's Motion for Leave to File Plaintiff's First Supplemental and Amended Complaint. (Rec. Doc. 18). The proposed joinder of the University of Southern Mississippi as a defendant would be futile because it appears to be entitled to sovereign immunity. Accordingly, the Motion is DENIED.

Background

This is a personal injury lawsuit arising out of a motor vehicle collision on October 13, 2022, in St. Tammany Parish, Louisiana. Plaintiff Toni McKinney alleges that defendant Rachel Jackson failed to yield at a stop sign and crossed into the path of McKinney's vehicle, causing a collision between the two vehicles. McKinney alleges that Jackson was in the course and scope of her employment with the University of Southern Mississippi Foundation ("USMF"). McKinney named Jackson, USMF, and their insurer Acadia Insurance Company as defendants as well as McKinney's uninsured/underinsured motorist coverage insurer Allstate Property and Casualty Insurance Company.

1

Defendants removed the action from state court to this Court on October 26, 2023. Trial is set to begin on November 18, 2024. The deadline to complete discovery is October 8, 2024. The deadline to amend pleadings passed on April 4, 2024.

Presently, McKinney seeks to amend her complaint to join the University of Southern Mississippi ("USM") as a defendant. She submits that she recently learned through discovery that Jackson may have been in the course and scope of her employment with USM, and not with USMF. She timely filed her motion prior to the pleading amendment deadline.

Defendants oppose. They argue that USM is an arm of the state of Mississippi entitled to sovereign immunity from suit in federal court. McKinney did not file a reply memorandum.

## Law and Analysis

1. *Standard to Amend Pleadings*

Under Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 177 (5th Cir. 2016) (quoting Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue

2

prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003).

   2. *Sovereign Immunity*

"The Eleventh Amendment bars citizens of a state from suing their own state or another state in federal court unless the state has waived its sovereign immunity or Congress has expressly abrogated it." Raj v. Louisiana State Univ., 714 F.3d 322, 328 (5th Cir. 2013) (citations omitted). Even if the state is not named, suit is barred if the state is the real party in interest. Delahoussaye v. City of New Iberia, 937 F.2d 144, 146 (5th Cir. 1991). Long ago, the Fifth Circuit observed that "[t]he majority of decisions concerning the eleventh amendment status of state universities have concluded the institutions involved were arms of the state." United Carolina Bank v. Bd. of Regents of Stephen F. Austin State Univ., 665 F.2d 553, 557 (5th Cir. 1982). Yet, courts must consider each situation individually. Id. To determine whether an entity is an arm of the state, court considers the following factors "(1) whether the state statutes and case law characterize the agency as an arm of the state; (2) the source of funds for the entity; (3) the degree of local autonomy the entity enjoys; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has authority to sue and be sued in its own name; (6) whether the entity has the right to hold and use property." Delahoussaye, 937 F.2d at 147.

The Mississippi Supreme Court has held that "[t]he University of Southern Mississippi is an agency of the State of Mississippi, controlled by a legislative grant of authority to the Board of Trustees of State Institutions of Higher Learning." Bruner v. Univ. of S. Mississippi, 501 So. 2d 1113, 1115 (Miss. 1987) (citation omitted). And the Fifth Circuit has recognized USM as an "arm of the state." See Klingler v. Univ. of S. Mississippi, USM, 612 F. App'x 222, 226 (5th Cir. 2015).

Although these holdings were not in the context of sovereign immunity, they show that state statutes and case law characterize USM as an arm of the state. Indeed, USM was incorporated by an act of the Mississippi legislature. Miss. Code Ann. § 37-119-1. Like all eight state-supported institutions of higher learning in Mississippi, USM is funded by the State of Mississippi. E.g., S.B. 3006, 2024 Legis., 139th Sess. (Miss. 2024). And according to the laws of Mississippi, the principal object of USM is to qualify teachers for the public schools of Mississippi. Miss. Code Ann. § 37-119-3. It is, therefore, concerned with statewide, and not local, issues. And as to whether USM has the capacity to sue and be sued[1] and whether it can hold property, these factors are not determinative. E.g., Delahoussaye v. City of New Iberia, 937 F.2d 144, 148 n. 6 (5th Cir. 1991).

Recently, another court in this district found that Jackson State University, another state university in Mississippi, was entitled to Eleventh Amendment protection as an arm of the State of Mississippi. Lee v. Learfield Commc'ns, LLC, 486 F. Supp. 3d 1041, 1049 (E.D. La. 2020), aff'd sub nom. Lee v. Anthony Lawrence Collection, L.L.C., 47 F.4th 262 (5th Cir. 2022). Here, too, the Court finds the relevant factors indicate that USM is an arm of the State of Mississippi entitled to sovereign immunity from a negligence action in federal court.

Moreover, plaintiff here does not deny that USM is an arm of the state of Mississippi entitled to sovereign immunity. Nor does she respond at all to defendants' contention that her Motion for Leave to Amend should be denied. Because it appears that the joinder of USM would be futile because it is entitled to sovereign immunity, the Motion for Leave to Amend is DENIED.

---

[1] The State of Mississippi has waived sovereign immunity for state law tort claims, but this waiver applies only to Mississippi state court actions and does not remove the protections of sovereign immunity applicable here. See Miss. Code Ann. § 11-46-5(4).

New Orleans, Louisiana, this 6th day of May, 2024.

                                      Janis van Meerveld
                                United States Magistrate Judge